*1085 OPINION.
Marquette:
The petitioner claims that the decedent Lawler sustained a loss of $80,000 in the year 1923 on the Swan Lake Plantation transaction, and that he is entitled to deduct that amount from his gross income for that year. The respondent takes the position that the $80,000 paid by Lawler on the plantation represented a gift made by him to Oberst and Scott, and, if it was not a gift, that Lawler did not enter into the transaction for profit.
It is clear that the transaction with respect to the Swan Lake Plantation was completed in the year 1923, and that Lawler was $80,000 poorer at the end of that year as the result of the transaction. The testimony of Oberst, Scott and Mrs. Lawler is that Lawler did not intend to make a gift to Oberst and Scott, that he had a large amount of money on deposit that he wished to invest, that he paid for the Swan Lake Plantation for Oberst and Scott, and that they agreed to assume the mortgages thereon and to repay Lawler the amount of $80,000, together with interest at 6 per cent. It is true that the payment of $80,000 ivas not recited in the deeds from Lawler to Oberst and Scott, and that the transaction between Oberst and Scott, on one hand, and Lawler, on the other, was not consummated with the care and attention to details that would ordinarily obtain in a transaction between individuals not bound together by family ties. However, we are satisfied from the evidence that Lawler did not make, or intend to make, a gift to Oberst and Scott; that he entered into the transaction with a view to profit, and that he sustained a loss of $80,000 thereon in the year 1923. The deduction should be allowed.

Judgment will he entered u/nder Rule 50,